IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HAROLD D. COMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:07-cv-170-DRH |
| | ) | |
| NATIONAL MAINTENANCE & REPAIR | ) | |
| OF KENTUCKY, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

This matter is before the Court on the Motion for Leave to File Amended Complaint (Doc. 34), filed by Plaintiff on March 31, 2008, and the Motion for Summary Judgment (Doc. 27), filed by Defendant McGinnis, Inc. ("McGinnis") on March 3, 2008. For the reasons that follow, the Motion for Leave to File Amended Complaint is **GRANTED** and the Motion for Summary Judgment (Doc. 27) is **DENIED AS MOOT**.

**Motion for Leave to File Amended Complaint (Doc. 34)**

Plaintiff requests leave to file an amended complaint in order to add a cause of action for willful refusal to pay maintenance and cure. Fed. R. Civ. P. 15(a) provides for when a party may amend a pleading and states that leave to amend "shall be freely given when justice so requires." However, under Rule 15(a), leave to amend may be denied if there is "undue delay, bad faith, dilatory motive, prejudice, or futility." Guise v. BWM Mortgage, LLC., 377 F.3d 795, 801 (7th Cir. 2004).

Defendants filed a lengthy response opposing the motion, arguing only that the proposed amendment is futile because it fails to state a claim upon which relief may be granted. Defendants argue that "Plaintiff bases his request for leave on unsubstantiated conclusory

statements that NMR has acted in an arbitrary and willful manner, but provides no evidence or description of events to support the same." (Doc. 37 at 2). Plaintiff responds that a proposed amendment is only futile if it cannot survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. Plaintiff also argues that federal notice pleading does not require specific facts to be set out in a complaint to state a claim.

A decision to grant or deny a motion for leave to file an amended complaint is "a matter purely within the sound discretion of the district court." Id. (quoting J.D. Marshall Int'l, Inc. v. Redstart, Inc., 935 F.2d 815, 819 (7th Cir.1991)). The granting or denying of a motion to amend is reviewed for an abuse of discretion. Butts v. Aurora Health Care, Inc., 387 F.3d 921, 925 (7th Cir. 2004). The Court agrees with Plaintiff that Defendants' arguments go to the merits of the dispute, akin to a motion for summary judgment, and they do not persuade the Court to deny Plaintiff's motion. The Court has reviewed the proposed amended complaint, and finds that the added claim of Willful Refusal to Pay Maintenance and Cure (Count IV) comports with the Court's notice pleading requirement.

Further, the cases cited by Defendant in his brief regarding futility are easily distinguishable. Brunt v. Service Employees Intern. Union, 284 F.3d 715 (7th Cir. 2002), found that a proposed amendment would be futile because it did not assert a new theory of liability, but merely added several factual allegations to an already existing claim. 284 F.3d at 721. Perrian v. O'Grady, 958 F.2d 192 (7th Cir. 1992), upheld the district court's denial of a motion for leave to amend where the there was undue delay and prejudice to the judicial system. 958 F.2d at 195. Finally, in Verhein v. South Bend Lathe, Inc., 598 F.2d 1061 (7th Cir. 1979), the Court based its decision on the fact that no proposed amended complaint accompanied the plaintiff's motion to for leave to amend that would allow the Court to determine if justice required allowing such an

amendment. The instant Plaintiff's proposed amendment does allege a new theory of liability, Defendants have not alleged undue delay and prejudice, and Plaintiff submitted proposed amended complaint; accordingly, these cases do not support a finding of futility in this case.

The Court finds that no prejudice would result in permitting the amendment that Plaintiff seeks and that justice requires that leave be granted. The allegations contained in the added count do not appear to be made after undue delay and appear to properly plead this new theory of liability that is interrelated with the facts of this case. Accordingly, the Motion for Leave to Amend (Doc. 34) is **GRANTED**. Plaintiff **SHALL** file the proposed amended complaint within five (5) business days of this Order.

**Motion for Summary Judgment (Doc. 27)**

Although the parties agreed during the telephonic status conference held before the Court on May 7, 2008, that if the Court granted the Motion for Leave to Amend (Doc. 34) then the instant motion for summary judgment would be moot, the Court also **DENIES AS MOOT** the motion because it was filed after the time permitted to file a motion for summary judgment pursuant to the Court's Scheduling Order (Doc. 14).

**DATED: June 9, 2008**

                                        s/ *Donald G. Wilkerson*
                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**