IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HAROLD D. COMPTON,**

**Plaintiff,**

v.

**NATIONAL MAINTENANCE & REPAIR OF KENTUCKY, INC., et al.**

**Defendants.**                                   No. 3:07-CV-170-DRH

**ORDER**

**HERNDON, Chief Judge:**

Now before the Court is an appeal (Doc. 48), filed by Plaintiff pursuant to **Federal Rule of Civil Procedure 72(a)** and **Local Rule of the Southern District of Illinois 73.1(a),** appealing United States Magistrate Judge Donald G. Wilkerson's June 16, 2008 Order (Doc. 46) granting Defendant's motion for protective order. Judge Wilkerson's Order (Doc. 46) held that Defendant need not turn over post-accident surveillance videos of Plaintiff until after Plaintiff's deposition.

**SDIL-LR 73.1(a)** provides that in non-dispositive matters, a District Court Judge shall review an order that has been appealed and "set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." The question is not whether the Court would have exercised his discretion differently. With that in mind, the Court finds that Judge Wilkerson's decision was neither

1

contrary to law nor clearly erroneous. Both parties agree that the surveillance videos are subject to discovery. The dispute in this case centers instead around the timing of the disclosure of the videos. **Federal Rule of Civil Procedure 26(c)(1)(B)** states that "[t]he court may, for good cause, issue an order to protect a party of person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:. . . (B) specifying terms, including time and place, for the disclosure or discovery. . ." Plaintiff argues that good cause does not exist to postpone turning over the surveillance videos. Defendant maintains that a delay in production is warranted so that the Court "may test the veracity of Plaintiff's description of his physical limitations, preserve the impeachment value of Defendants' surveillance, promote the search for the truth, test Plaintiff's credibility, and avoid any tendency for Plaintiff to conform his testimony to the actions depicted in the surveillance." (Doc. 48, p. 3.) Both parties agree that there is no binding precedent that addresses this specific situation. However, having reviewed the cases cited by both parties, the Court finds that there is a trend toward delaying production. In addition, the Court finds the following quite persuasive:

> The values of surprise could be largely preserved by providing discovery or pretrial revelation of impeachment material which falls within the present category only at a time shortly before trial, and only after the party asked about the existence and nature of such material had been given an opportunity—ordinarily by deposition—to commit the inquiring party to a final version of the events and claims related to the impeachment material. This procedure should forestall most conforming testimony, and would afford a reasonably effective means of embarrassing those who might still attempt to meet the impeaching material in untruthful ways. At the same time, it would be possible to prepare to meet impeaching material which is susceptible of honest

2

explanation or refutation. Having preserved the values of surprise, there would be no remaining reasons to deny discovery ….

**8 Wright & Miller, Federal Practice and Procedure: Civil § 2015**.

The case authority submitted by Plaintiff, while suggesting that surveillance evidence can be both impeachment material and substantive evidence, was not squarely on point with the issue in this case. The Defendant here does not dispute that Plaintiff is entitled to see this material, only contests the timing of the discovery. Plaintiff's authority does not help him in that regard.

Accordingly, the Court declines to set aside Judge Wilkerson's Order. (Doc. 46.) Plaintiff's objection to Judge Wilkerson's Order is **DENIED**. (Doc. 47.)

**IT IS SO ORDERED**.

Signed this 31st day of July, 2008.

/s/ *David R Herndon*

**Chief Judge
United States District Court**